## FLEETWING CORPORATION, Plaintiff-Appellant,

v.

## MOBIL OIL CORPORATION, Defendant-Appellee.

### No. 11–5.

Temporary Emergency Court of Appeals.

Argued Sept. 16, 1983.

Decided Dec. 22, 1983.

Robert E. Puterbaugh, Peterson, Myers, Craig, Crews, Brandon & Mann, P.A., Lakeland, Fla., and J. Hardin Peterson, Jr., Lakeland, Fla., was on the brief for plaintiff-appellant.

Thomas R. Trowbridge, III, Donovan, Leisure, Newton & Irvine, New York City, Gregg D. Thomas, Holland & Knight, Tampa, Fla., and Francis A. Rowen, Jr., New York City, of Counsel, Mobil Oil Corp., were on the brief for defendant-appellee.

William H. Bode, John E. Varnum, Tobey B. Marzouk and Peter N. Weiss, Spriggs, Bode & Hollingsworth, Washington, D.C., were on the brief of amici curiae Independent Oil and Tire Co., et al.

Neva T. Campbell, Schwabe, Williamson, Wyatt, Moore & Roberts, Portland, Or., was on the brief of amicus curiae Western Mountain Oil, Inc.

Before GARZA, BROWN and THORNBERRY, Judges.

GARZA, Judge:

This is an action arising under the Emergency Petroleum Allocation Act of 1973 (EPAA), 15 U.S.C. § 751 *et seq.,* and the several regulations promulgated thereunder. The district court granted the defendant's motion for summary judgment, finding that the action was barred by limitations.

Plaintiff-appellant Fleetwing Corporation ("Fleetwing") was the only nonbranded independent marketer of Mobil gasoline in Florida during the years 1970 to 1972. It purchased gasoline from appellee Mobil Oil Corporation ("Mobil") frequently during that time, and paid less per gallon than Mobil's branded independents. For reasons which are unclear, Mobil decided in late 1972 to discontinue its gasoline sales to Fleetwing, its last sale being on December 18, 1972. Fleetwing purchased no gasoline from Mobil in 1973, and the parties have agreed that Mobil had no contractual obligation to supply gasoline to Fleetwing during 1973.

In January, 1974, the Mandatory Petroleum Allocation Regulations, 10 C.F.R. § 211, required Mobil to resume selling gasoline to Fleetwing, it having been a customer in 1972. The Mandatory Petroleum Price Regulations, 10 C.F.R. § 212, required Mobil to specify "classes of purchasers" existing on May 15, 1973, and to classify its purchasers accordingly for determining the "maximum allowable price" each could be charged. Mobil established three general classes of purchasers at each of its hundreds of terminals/source plants nationwide. Those three classes were distributors, dealers (retailer-resellers) and consumers. Mobil further subdivided the distributors class,

treating each distributor as a separate, single-member class. Mobil had five distributors in Florida in 1973, all of which were branded. The supplier therefore designated five single-member classes of purchasers; each, however, was charged the same price for Mobil's product.

When Fleetwing returned as a customer of Mobil in 1974, Mobil placed it in the distributor class, considering that to be the most appropriate of the classes it had established, and consisting of all its Florida distributors.

Fleetwing brought this action in October, 1980, alleging that Mobil had placed Fleetwing in an incorrect class of purchasers, with the result that Fleetwing was overcharged on each gallon of gasoline it subsequently purchased from Mobil. Fleetwing claimed that Mobil should have either created a new single-member class of nonbranded Florida distributors when Fleetwing returned as its customer, or classified Fleetwing with nonbranded distributors outside the state of Florida. Mobil contended that Fleetwing was not entitled to its own single-member class since it was not a Mobil customer on May 15, 1973, and that the placement of Fleetwing in the Florida distributor class represented a reasonable choice among Mobil's classes of purchasers existing on that date.

Mobil moved for summary judgment, alleging that the price regulations required only that Fleetwing be placed in the most similarly situated class of purchasers existing on May 15, 1973, and that Fleetwing was therefore properly classified. Mobil further claimed that Fleetwing's action was barred by the applicable statute of limitations. After briefing and argument on Mobil's motion, Fleetwing filed a motion asking for additional discovery to determine the existence of nonbranded distributor classes outside Florida during the operative period of the allocation regulations. The district court granted summary judgment for Mobil, finding that Fleetwing's action was barred by limitations. The court found it unnecessary to reach Fleetwing's discovery motion.

In its order granting Mobil's motion for summary judgment, the district court held that Fleetwing's cause of action under the EPAA accrued in 1974 when Mobil classified Fleetwing as a branded Florida distributor. Applying Florida's three-year statute of limitations, the court held that Fleetwing's action was barred, it not having been filed until 1980. Fleetwing contends that the district court erred, arguing that each time it was charged a price in excess of the maximum allowable price under the regulations, a separate and distinct cause of action arose under the EPAA. Fleetwing therefore reasons that the limitations period should be measured back from the date its complaint was filed, allowing it to sue for all overcharges occurring within that period.

■ This same argument was raised by the plaintiff in *Western Mountain Oil, Inc. v. Gulf Oil Corporation,* 726 F.2d 765 (Em.App.1983), also decided today. As we held in that case, the conduct resulting in injury to the plaintiff when overcharged due to a misclassification by the supplier is the wrongful misclassification. The purchaser's cause of action accrues the date the purchaser is first overcharged as a result of that misclassification. Fleetwing's cause of action against Mobil accrued in January, 1974, when Fleetwing was first overcharged due to its classification by Mobil as a branded Florida distributor. Fleetwing's action, filed more than six years later, was properly held barred by the trial court.

■ Also without merit is Fleetwing's complaint that the district court erred in applying Florida's three-year limitations statute, Fla.Stat. § 95.11(5)(a) (1973), to its claim. That statute was amended effective January 1, 1975, by Fla.Stat. § 95.11(3)(f) (1975), which enlarged the limitations period to four years. Under federal law, however, the relevant time for identifying the most analogous state period of limitations is the date of accrual. *Vigman v. Community Nat. Bank & Trust Co.,* 635 F.2d 455, 458 n. 8 (5th Cir.1981); *McNeal v. Paine, Webber, Jackson & Curtis, Inc.,* 598 F.2d 888, 892–93

n. 9 (5th Cir.1979). The three-year limitations statute was in effect when Fleetwing's cause of action accrued in 1974, and thus provided the time limitation for bringing suit. In any event, since we have held that the limitations period began to run in January, 1974, appellant's actions would be time-barred even under the amended statute.

 Fleetwing also claims as error the trial court's failure to grant its motion for additional discovery. As noted previously, when Fleetwing filed this lawsuit in October, 1980, it contended that Mobil was required to establish Fleetwing as a single-member class of purchaser when it resumed its petroleum purchases from Mobil in 1974. In December, 1982, while Mobil's motion for summary judgment was pending, we decided *Pacific Supply Co-op v. Shell Oil Co.,* 697 F.2d 1084 (Temp.Emer.Ct.App.1982). We held therein that a petroleum supplier is not required to create a separate class of purchasers if that class did not exist on May 15, 1973, but is only required to place a purchaser in an existing, reasonable class. *Id.* at 1088–89. Faced with this adverse authority, Fleetwing sought additional discovery to determine the existence of nonbranded distributor classes outside Florida, considering this necessary to raise an issue of fact as to the reasonableness of its classification. The trial court, while recognizing that additional discovery might raise an issue regarding reasonableness, found that any such issue would be foreclosed by its ruling on the limitations issue and therefore did not grant the discovery request. Since we have likewise found that Fleetwing's action is barred by limitations and that the requested discovery could not have resurrected Fleetwing's claim, we find no error in the district court's failure to grant the request for additional discovery.

The judgment of the district court is accordingly AFFIRMED.