**James CARBONE, Plaintiff,**

v.

**GULF OIL CORPORATION, Defendant.**

Civ. A. No. 85–361.

United States District Court,
E.D. Pennsylvania.

Nov. 15, 1985.

Mitchell A. Kramer, Kramer, Kapustin & Schatz, Philadelphia, Pa., Benjamin Zuckerman, Sherr, Moses & Zuckerman, P.C., Norristown, Pa., Nowman Zarwin, Zarwin, Baum, Resnick & Cohen, P.C., Philadelphia, Pa., for plaintiff.

Gulf Oil Corp. by T. Andrew Culbert, Drinker, Biddle & Reath, Philadelphia, Pa., John W. Castles, 3rd, Banks Brown, New York City, for defendant.

## MEMORANDUM and ORDER

SHAPIRO, District Judge.

Plaintiff, an owner of a gasoline station, brought this action, individually and on behalf of a class of similarly situated owners of gasoline stations, against defendant Gulf Oil Corporation for alleged violations of the Economic Stabilization Act of 1970 ("ESA"), as amended, 12 U.S.C. § 1904 (Note) and the Emergency Petroleum Allocation Act of 1973, as amended, 15 U.S.C. § 751 *et seq.* Plaintiff's complaint is that defendant willfully overcharged on the sale of petroleum products. Defendant contends that plaintiff's claim is not only lacking in merit but is barred by the statute of limitations. Because plaintiff's claim is time barred, defendant's motion to dismiss is granted.[*]

The ESA, enacted in 1970, delegated broad authority to control prices to the President. Regulations imposing price controls were promulgated thereunder and remained in effect from August, 1973 until the end of January, 1981.

Section 210(a) of the ESA created a cause of action for persons "suffering legal wrong" under the Act or regulations promulgated pursuant thereto. Section 210(c) defined "overcharge" as "the amount by which the consideration for the ... sale of goods ... exceeds the applicable ceiling price under regulations or orders issued under this title." Section 210(b) provided for the recovery of treble damages for overcharge from a seller:

> ... except that in the case where the defendant establishes that the overcharge was not intentional and resulted from a bona fide error ... the liabilty of the defendant shall be limited to the amount of the overcharge: *Provided,* That where the overcharge is not willful ... no action ... may be brought ... unless such person has first presented to the seller ... a bona fide claim for refund of the overcharge and has not received repayment of such overcharge within ninety days from the date of the presentation of such a claim.

12 U.S.C. § 1904 (Note).

Section 211 of the ESA vested the United States district courts with jurisdiction to

---

[*] Also pending is plaintiff's motion for class certi-   fication. This motion is now moot.

hear cases and controversies under the Act, and created a Temporary Court of Appeals ("TECA") to hear all appeals. TECA holdings in matters subject to its exclusive appellate jurisdiction are as binding on this court as decisions of the Third Circuit Court of Appeals in other matters.

The ESA does not contain a statute of limitations. Accordingly, the court must apply the most analogous state statute of limitations. *Ashland Oil Company of California v. Union Oil Company of California*, 567 F.2d 984, 989 (TECA 1977), *cert. denied*, 435 U.S. 994, 98 S.Ct. 1644, 56 L.Ed.2d 83 (1978). If this is "[a]n action upon a statute for a civil penalty or forfeiture," it may be filed within two years; 42 Pa.C.S.A. § 5524(5), effective 60 days from enactment on December 20, 1982. (Prior to February 20, 1983, the statutory limitations period for an action on a penalty was one year; 42 Pa.C.Stat. § 5523(2).) Otherwise, a six-year statute of limitation applies: "[a]ny civil action or proceeding which is neither subject to another limitation specified in this subchapter nor excluded from the application of a period of limitations by section 5531 (relating to no limitation) must be commenced within six years"; 42 Pa.C. S.A. § 5527.

■ State law determines the statutory period of limitations but "any issue relating to accrual and tolling is governed by federal law." *Ashland Oil*, 567 F.2d at 988. A cause of action accrues under the ESA, "when the defendant commits an act that injures the plaintiff," *Oerther v. Penzoil Company*, 763 F.2d 420 (TECA 1985).

Plaintiff claims a willful overcharge because, prior to February 1, 1979, plaintiff class members purchased petroleum gasoline products from defendant at a discount but on or about February 1, 1979, defendant terminated that discount and reclassified plaintiff and other class members in violation of the price ceilings established by regulations under ESA. Plaintiff seeks treble the amount of the discontinued discount on all purchases by the class from February 1, 1979 until the regulations were rescinded in January, 1981.

The act allegedly injuring plaintiff was defendant's terminating a discount and continuing to sell gasoline products at an undiscounted price. *Western Mountain Oil, Inc. v. Gulf Oil Corp.*, 726 F.2d 765 (TECA 1983). The discount was terminated on or about February 1, 1979; that is the date that plaintiff's cause of action initially accrued. Another member of the putative class represented by the same attorney who now brings this case on behalf of the plaintiff class, made a claim because of the discontinuance of the discount in an action filed on June 13, 1979 and prevailed; *Wellven, Inc. v. Gulf Oil Corporation*, 731 F.2d 892 (TECA 1984). The Temporary Emergency Court of Appeals held that Gulf willingly violated federal mandatory price regulations by its unilateral termination of the discount on February 1, 1979.

■ Plaintiff asserts he could not have discovered Gulf's alleged improper conduct until the final decision in *Wellven* so that the limitations period was tolled by Gulf's fraudulent concealment. Of course, if the operative facts causing the alleged injury were fraudulently concealed from the injured party, the statute of limitations would be tolled until the injured party discovered or should have discovered the injury. *Western Mountain Oil*, 726 F.2d at 768. But plaintiff has not alleged and cannot allege that defendant concealed operative facts giving rise to the injury. The discount termination, the operative fact, was known to plaintiff here, as well as to the plaintiff in *Wellven*, on or about February 1, 1979, when the discount to the plaintiff was terminated. This plaintiff, just as Wellven, could have instituted action at that time. Plaintiff's counsel, who also represented Wellven, cannot convert *Wellven*, an individual action, to a class action only upon its successful conclusion. Therefore, the statute of limitations period was not tolled and ran from February 1, 1979.

■ Section 210 of ESA establishes two separate causes of action: 1) a treble damage action for willful overcharge; and 2) a

compensatory damage action for unintentional non-willful overcharge.

> These are two different rights of action distinguishable as to the elements that must be proved in order to be granted relief.

*Ashland Oil,* 567 F.2d at 990 n. 14. It is clear that an action for willful overcharge is penal in nature:

> Section 210 draws a clear distinction between remedial recovery of overcharges and treble damages for intentional violations in the nature of a penalty beyond compensation; and for each claim there is specified a prerequisite not applicable to the other.

*Ashland Oil,* 567 F.2d at 990 n. 12. Plaintiff's claim is for willful overcharges only; plaintiff's action is for a penalty.

Plaintiff cites cases in which treble damages have been considered compensatory rather than punitive. But these cases were not decided under the ESA. Because of the exclusive original appellate jurisdiction of TECA under the ESA, TECA holdings that an ESA action for willful overcharge is one for a penalty are binding on this court.

Plaintiff argues that ESA criminal fines or civil penalties as sanctions are provided in § 208 so that an action under § 210 cannot also be for a penalty. But *Ashland Oil* clearly characterizes a treble damage action for willful overcharge under § 210 as an action for a penalty.

Plaintiff also claims that even if this action is for a penalty it is only barred in part by the statute of limitations because only two-thirds of treble damages are punitive and one-third is compensatory and subject to a six-year statute of limitations. This argument is also inconsistent with the clear and authoritative holdings of TECA. TECA has characterized the entire cause of action for willful overcharge as one for a penalty. To trifurcate the cause of action would obliterate the clear distinction TECA has drawn between a willful and non-willful overcharge. *See Tessman v. Gulf Oil Corp.,* No. 4–80–610, Slip Op. (D.Minn. November 10, 1983) (court rejected the plaintiff's request to sever as inconsistent with *Ashland Oil* and *Longview*).

We need not consider if the statute of limitations runs from the date when plaintiff was improperly reclassified or from the last act of overcharge because of that improper classification. *Cf. Western Mountain Oil, Inc. v. Gulf Oil Corp.,* 726 F.2d at 768. If the residual six-year statute of limitations applies, plaintiff's action is not time-barred in either case. But the statute of limitations for an action on a penalty applies and the claim is time-barred whether the statute runs from the date the discount was denied initially in February, 1979 or the date of last purchase in January, 1981.

Accordingly, defendant's motion to dismiss is granted. An appropriate Order follows.

