The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Plaintiff–Appellant,

v.

CHEVRON U.S.A., INC., Defendant–Appellee.

No. 7–17.

Temporary Emergency Court of Appeals.

Submitted on the Briefs.

Decided Dec. 14, 1989.

Judgment Entered Dec. 28, 1989.

William H. Bode and John M. Mason, William H. Bode and Associates, Washington, D.C., and Weston Marsh, The Atchison, Topeka and Santa Fe Railway Co., Chicago, Ill., of counsel, were on the brief for plaintiff-appellant.

Thomas B. McNeill, Michelle Odorizzi and James J. Neath, Mayer, Brown & Platt, Chicago, Ill., were on the brief for defendant-appellee.

Before METZNER, PECK and BROWN, JJ.

METZNER, Judge.

Plaintiff, Atchison, Topeka and Santa Fe Railroad ("Santa Fe") appeals from a judgment entered in the United States District Court for the Northern District of Illinois, granting the motion of defendant Chevron U.S.A., Inc. ("Chevron"), for a directed verdict at the close of plaintiff's case.

On May 14, 1982, Santa Fe instituted this action to recover damages for alleged overcharges by Chevron in the sale of diesel fuel during the period August 1973 to June 1976. Chevron pleaded the bar of the statute of limitation. On trial Santa Fe offered testimony to defeat the bar on the ground that Chevron fraudulently concealed its allegedly illegal pricing methodology. The court's ruling was directed to this issue.

Santa Fe agrees that its action is barred by the statute of limitations unless it can overcome the bar by proving fraudulent concealment. Under the doctrine of fraudulent concealment, the statute of limitations is tolled until the plaintiff knew or reasonably should have known of its injury.

While a state's statute of limitations applies, any issue relating to tolling of that statute is governed by federal law. *Ashland Oil Company of California v. Union Oil Company of California*, 567 F.2d 984, 988 (TECA 1977).

In *Ashland* the court said:

"Where acts causing injury are fraudulently concealed from the injured party or where fraud furnishing the basis of an action is of such nature as to conceal itself, a statute of limitations is tolled until the injured party discovers, or with due diligence could have discovered, the injury." *Id.*

Further, the court in *Ashland* made clear that the complex nature of price control regulations does not justify tolling the statute of limitations period on the basis of fraudulent concealment. *Id.*

Therefore, to prevail in this case, plaintiff must produce sufficient evidence from which a jury could conclude both that Chevron actively concealed its wrongdoing, and

that plaintiff exercised due diligence in uncovering the wrongdoing.

Chevron filed a pretrial motion seeking summary judgment on the grounds that the statute of limitations barred the action and that tolling was not applicable under the doctrine of fraudulent concealment. This motion was denied in an opinion reviewing the issues of fact that required a trial. The trial was then held, and at the end of the plaintiff's case the court granted defendant's motion for a directed verdict because there was not sufficient evidence for a reasonable jury to conclude that Santa Fe exercised due diligence in investigating Chevron's pricing practices, or that Chevron affirmatively concealed its pricing procedures. Santa Fe places great emphasis on what it considers to be an inconsistency in the court's rulings, and of course relies heavily on the reasoning in the opinion denying the motion for summary judgment.

Although the substantive evidentiary standards are the same for both a directed verdict and summary judgment, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986), it is obvious that a court may have a different perception of a matter after hearing live witnesses subject to cross-examination, as opposed to reading contentions in affidavits. In *Braniff v. Jackson Ave.–Gretna Ferry, Inc.*, 280 F.2d 523, 529 (5th Cir. 1960), the court reversed the granting of summary judgment, but went on to say that this

"does not foreclose the right and the imperative duty of the District Court to test the case against the actual evidence adduced at every stage of the trial. Nor is it a forecast that on remand the case must go to the jury. That depends upon the actual proof made and such proof may fall way short."

This court's review, of course, is limited strictly to the record of the evidence on the trial below. Appellate review of a district court's grant of a motion for a directed verdict is de novo. The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson, supra* 477 U.S. at 251–52, 106 S.Ct. at 2511–12. The *Anderson* Court went on to say:

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Id.* at 255, 106 S.Ct. at 2513.

We cannot find as a matter of law that Santa Fe exercised due diligence.

Santa Fe's witnesses testified that after the onset of price controls, Santa Fe instituted a policy requiring all suppliers of diesel fuel to certify orally and in writing that their prices were lawful and in accord with the price regulations. Great reliance is placed by Santa Fe on some 25 occasions when Chevron certified in writing that its prices were in accord with the requirements of the price regulations. However, an examination of these documents shows that the certifications related to price increases, and stated that "the increases are in line with Cost of Living Council regulations." These certifications have absolutely no relevance to the base ceiling price which is the issue in this case.

In support of its contention of due diligence, Santa Fe claims that it adopted extraordinary statistical procedures. Comparisons were made between Chevron's prices and those of other suppliers for the fuel in question. It is claimed that this analysis disclosed that Chevron's prices were comparable to those of every other refiner-supplier. Platt's Oilgram of October 1975 was used to make computations as to what Chevron's base price on May 15, 1973 could have been. Santa Fe's witness testified that the prices actually charged Santa Fe by Chevron in May 1973 were within 1 to 2 cents of the approximated May 15, 1973 price of Chevron as determined from the information in Platt's Oilgram, "thereby revealing no apparent discrepancy," according to Santa Fe's brief.

If Santa Fe in the mid–1970s was of the opinion that there was no apparent discrep-

ancy based on a 1 to 2 cent differential, we cannot understand how it can possibly support a finding of due diligence if that differential is the very basis for the law suit here. Santa Fe claims an excessive charge of 1.65 cents per gallon at Belen, New Mexico, and an excessive charge of 1.75 cents per gallon at Richmond, California. If this differential justifies the institution of a lawsuit, it certainly should have required further investigation when it was first discovered.

Santa Fe never made inquiry of Chevron as to its base price. The Code of Federal Regulations provided at the time in question that:

"(a) Each seller of covered products shall maintain records of its base production control levels and selling prices authorized pursuant to this part and shall make such information available upon request by a customer."

10 C.F.R. § 212.129 (1979).

Had such a request been made, the authorized selling price would have become apparent and the discrepancy between the authorized selling price and Santa Fe's actual purchase price on May 8, 1973, would have been obvious. Resultant inquiries or even the institution of a timely lawsuit to ascertain the necessary facts in discovery procedures, which is the course Santa Fe claims it followed in this suit, would have occasioned full disclosure at an earlier date.

On these facts, no reasonable jury could possibly have found in favor of the plaintiff on the issue of due diligence or affirmative concealment of pricing facts.

In view of this disposition of the appeal, it is unnecessary to consider the other issues raised by the appellant.

Judgment affirmed.