**B & G ENTERPRISES, LTD., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 98–598 C.

United States Court of Federal Claims.

March 22, 2001.

Douglas B. McFadden and John M. Shoreman, McFadden & Shoreman, P.C., Washington, D.C., for plaintiff.

Mark A. Melnick, United States Department of Justice, Washington, D.C., for defendant.

## OPINION AND ORDER

HODGES, Judge.

Plaintiff alleges that the United States took its cigarette vending machine business and seeks compensation under the Fifth Amendment. FDA Regulations issued in August 1996 restricted the location of vending machines that sell cigarettes and smokeless tobacco. As a result of these regulations, plaintiff claims that it lost contracts with location owners for placement of the machines. Plaintiff's original complaint alleged that the United States also was responsible for a California statute related to the Substance Abuse Prevention and Treatment Block Grant Program. We dismissed that count. *See B & G Enterprises, Ltd. v. United States*, 43 Fed.Cl. 523 (1999), *aff'd*, 220 F.3d 1318 (Fed.Cir.2000).[1]

Defendant filed a motion to dismiss contending that plaintiff did not suffer a taking of its property, in part because the final vending machine regulation was never implemented. The final regulation restricting the placement of vending machines was not implemented or enforced. We grant defendant's motion.[2]

## BACKGROUND

The FDA published a proposed rule governing the sale of cigarettes and smokeless tobacco to children and adolescents on August 11, 1995. 60 Fed.Reg. 41314–41787. The purpose of this rule was to "reduce the availability and attractiveness of tobacco products to young people." *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 127, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000)

---

1. Plaintiff filed an amended complaint on May 25, 2000.

2. The parties have presented materials outside the pleadings. Defendant's motion to dismiss is treated as one for summary judgment, pursuant to RCFC 12(b)(4).

(*citing* 60 Fed.Reg. 41314). The proposed rule would restrict the sale of cigarettes and smokeless tobacco products to individuals under 18 years of age. Retailers would be required to verify the age of individuals wishing to purchase such products. The proposed rule would "eliminate 'impersonal' methods of sale that do not readily allow age verification, such as mail orders, self-service displays and vending machines." 60 Fed. Reg. at 41315; *see also* 60 Fed.Reg. at 41322–25. Only a direct, face to face exchange would be permitted under the regulations. 60 Fed.Reg. at 41374.

FDA published its final regulations restricting the sale, distribution, and use of cigarettes and smokeless tobacco on August 28, 1996. The regulations, which affected retailers of tobacco products, stated in part:

§ 897.14:

[E]ach retailer is responsible for ensuring that all sales of cigarettes or smokeless tobacco to any person comply with the following requirements:

(a) No retailer may sell cigarettes or smokeless tobacco to any person younger than 18 years of age;

(b)(1) [E]ach retailer shall verify by means of photographic identification containing the bearer's date of birth that no person purchasing the product is younger than 18 years of age;

(2) No such verification is required for any person over the age of 26;

(c) Except as otherwise provided in § 897.16(c)(2)(ii), a retailer may sell cigarettes or smokeless tobacco only in a direct, face-to-face exchange without the assistance of any electronic or mechanical device (such as a vending machine);

\* \* \* \* \* \*

§ 897.16:

\* \* \* \* \* \*

(c) *Vending machines, self-service displays, mail-order sales, and other "impersonal" modes of sale.* (1) Except as otherwise provided under this section, a retailer may sell cigarettes and smokeless tobacco only in a direct, face-to-face exchange between the retailer and the consumer. Ex-

amples of methods of sale that are not permitted include vending machines and self-service displays.

(2) Exceptions. The following methods of sale are permitted:

\* \* \* \* \* \*

(ii) Vending machines (including vending machines that sell packaged, single cigarettes) and self-service displays that are located in facilities where the retailer ensures that no person younger than 18 years of age is present, or permitted to enter, at any time.

The regulations at 21 C.F.R. § 897.14(a)–(b) were effective beginning on February 28, 1997. Under the final rules, retailers are not permitted to sell tobacco products to persons under age 18 and retailers must verify the purchaser's age with photo identification. The restrictions in 21 C.F.R. 897.14(c) and 897.16(c), which limit sales from vending machines to locations in which only persons over 18 years of age may enter, were scheduled to become effective August 28, 1997.

Several tobacco companies and advertising companies brought suit in district court challenging FDA's authority under the Food, Drug, and Cosmetic Act to regulate tobacco in this manner. 21 U.S.C. § 301 *et seq.* The district court ruled on April 25, 1997 that FDA possessed authority to issue the regulations restricting the sale of these products, but ordered that the FDA "not implement any of the additional Regulations set for implementation on August 28, 1997, pending further orders by the court." *Coyne Beahm, Inc. v. FDA*, 966 F.Supp. 1374, 1400–01 (M.D.N.C.1997). The age and ID regulations that went into effect in February 1997 were not stayed. *Id.* at 1400.

The Fourth Circuit reversed *Coyne Beahm* on appeal in August 1998. *Brown & Williamson Tobacco Corp. v. FDA*, 153 F.3d 155, 176 (4th Cir.1998). The circuit held that the FDA was not authorized to regulate tobacco and the stay continued. The Supreme Court affirmed the Fourth Circuit in March 2000. *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000). The Court stated, "Congress has directly spoken to the issue here and pre-

cluded the FDA's jurisdiction to regulate to-bacco products." *Id.* at 133, 120 S.Ct. 1291.

## DISCUSSION

Plaintiff alleges that a taking of its property began in August 1995 when the FDA issued proposed regulations. The taking ended when the Supreme Court ruled that the FDA did not possess jurisdiction to regulate tobacco products. Plaintiff's argument is that the FDA's publication of its proposed regulations, coupled with the final regulations and a January 1997 letter sent to retailers informing them of the restrictions, constituted a taking of its placement contracts.

The January 1997 letter referenced by plaintiff was sent to retail establishments by the Department of Health and Human Services. It states in relevant part:

> Beginning February 28, 1997, it is a Federal violation for any retailer to sell these products to anyone under 18 years old.... [T]o prevent sales to youngsters under 18 who look older than their age, retailers must verify the age of any buyer under 27 by checking a photo ID.... Additional measures will take effect on August 28, 1997....
>
> Throughout the year, unannounced compliance checks ... will be conducted .... Retailers found selling to minors risk civil money penalties of $250 or more and could be subject to other sanctions.

An attachment to the letter stated that retailers could not sell cigarettes or smokeless tobacco to anyone under 18 starting February 28, 1997, and they must check photo identification of anyone under 27. Beginning August 28, 1997, retailers could "[s]ell products only in a direct, face-to-face exchange. (No vending machines or self-service displays permitted except in places that never have anyone under 18 present.)"

■ The publication of proposed regulations in August 1995 was not a taking. Individuals were asked to comment on the new restrictions that may or may not be implemented. "To recover under the Takings Clause, a claimant with a recognized property interest must show that its interest was 'taken.'" *Skip Kirchdorfer, Inc. v. United*

*States,* 6 F.3d 1573, 1582 (1993). Nothing was taken in August 1995. Mere notification by the United States that a regulation is proposed does not constitute a taking.

■ The final regulations restricting vending machines were issued in August 1996, to be effective one year later. Four months before the effective date, the district court in *Coyne Beahm* ordered that implementation of the regulations be stayed pending further court action. 966 F.Supp. at 1397–1401. The injunction remained in place throughout the appellate process and was never lifted. Thus, the regulations restricting the placement of vending machines was never in effect.

Plaintiff contends that the FDA began enforcing the regulation in August 1997 by making compliance checks throughout California. The regulation was not stayed because the FDA was contracting with the states to enforce it, according to plaintiff.

The FDA did enforce the age and ID provisions of the tobacco regulations, which became effective in February 1997. These provisions were not stayed by the district court in *Coyne Beahm,* and they are not in dispute in this litigation. None of the proposed restrictions on vending machines has ever been implemented. Plaintiff was free to enter into contracts for placement of machines anywhere it wished. If retailers chose to remove vending machines from their establishments it was not at the direction of the United States.

Plaintiff argues that whether "the FDA fined any of these violators and caused removal of the vending machines are issues of fact that cannot be resolved based upon information in the record." We directed plaintiff in an August 2000 Order to provide all documentation supporting its claim that the FDA enforced the vending machine regulation. Plaintiff's materials included a declaration from an FDA policy analyst who was assigned to work on the issuance and implementation of the FDA's tobacco regulations. She stated that the FDA respected the district court stay. While the FDA did implement the age and ID regulations and compliance checks for those requirements, "FDA's Office of Tobacco Programs never developed

a program to implement or enforce the Vending Machine regulation, and never brought any enforcement action for a violation of the Vending Machine regulation." Declaration of Anne Kirchner. The FDA also publicly announced that the regulation would not go into effect until 90 days after the injunction in *Coyne Beahm* was lifted. That day never arrived.

Moreover, the FDA issued a "Talk Paper" in August 1997 that was prepared by the Press Office "to guide personnel in responding with consistency and accuracy to questions from the public...." It stated that the regulations scheduled to take effect on August 28, 1997, were delayed pending court resolution. Thus, "retailers are not required to remove vending machines or self-service displays at this time."

## CONCLUSION

The vending machine regulations that would have restricted retailers in the placement of the machines never took effect. The United States may not be held liable for taking plaintiff's contracts in such circumstances. The Clerk will dismiss plaintiff's complaint. No costs.