THEISEN VENDING CO., INC. Plaintiff,

v.

The UNITED STATES, Defendant.

No. 98–507C.

United States Court of Federal Claims.

Oct. 20, 2003.

---

Douglas B. McFadden, Washington, D.C., attorney of record for plaintiff. With him on the brief was John M. Shoreman.

Assistant Director Mark A. Melnick, with whom were Director David M. Cohen, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, and Assistant Attorney General Robert D. McCallum, Jr., for defendant. Alex M. Azar II, General Counsel, Department of Health and Human Services, Daniel E. Troy, Chief Counsel, U.S. Food and Drug Administration, and Karen E. Schifter, Associate Chief Counsel, of counsel.

### OPINION and ORDER

LETTOW, Judge.

This is a takings case brought by the owner and operator of a cigarette vending machine business, Theisen Vending Co., Inc. ("Theisen"). The plaintiff alleges that the Food and Drug Administration ("FDA") effected a taking of its property without paying just compensation by adopting and enforcing regulations limiting the distribution and sale of tobacco products. Theisen's complaint is premised upon an "as applied" regulatory taking as contrasted to a facial claim. Pending before the Court is defendant's motion for summary judgment filed April 16, 2003. Theisen responded by filing a motion for leave to conduct discovery before responding to the government's motion for summary judgment, accompanied by a declaration of counsel linking the discovery sought to Theisen's position on the government's motion. This Court accordingly has treated the declaration of Theisen's counsel as an affidavit explaining why Theisen could not respond to the motion for summary judgment without discovery, as provided in Rule 56(f) of the Rules of the Court of Federal Claims ("RCFC"). After proceedings that included a hearing on October 15, 2003, the matter is ripe for decision.[1]

This case turns on an issue that was identified but not decided by the Federal Circuit in *Brubaker Amusement Co. v. United States,* 304 F.3d 1349 (Fed.Cir.2002), *cert. denied sub nom. Penn Triple S v. United States,* 538 U.S. 921, 123 S.Ct. 1570, 155 L.Ed.2d 311 (2003). There also, cigarette vending ma-

---

1. Theisen's motion for leave to conduct discovery was denied by an order issued by Senior Judge Bruggink on May 28, 2003, but at that time proceedings on the government's motion for summary judgment were continued. Supplemental briefs were filed by the parties on September 22, 2003 and October 6, 2003, and the government submitted a clarifying statement on October 16, 2003.

chine businesses brought takings claims based upon the same regulations at issue here. In a set of separate decisions, this Court had denied relief, either dismissing the claims or granting summary judgment for the government. *Id.* at 1353. The Federal Circuit consolidated the appeals and affirmed, holding that FDA's adoption of tobacco regulations that included a ban on the sale of cigarettes and smokeless tobacco from vending machines in places accessible to persons under age 18 was insufficient to state an as-applied temporary takings claim where the regulations had never come into effect or been enforced. *Id.* at 1357–59.[2] The court of appeals rebuffed a contention that the claimants should have been accorded discovery aimed at whether FDA had ever enforced its regulations, observing that the claimants had produced no proof of enforcement and that "they have also failed to avail themselves of the protection of RCFC 56(g) by not filing an affidavit explaining why they could not respond to the summary judgment motion without discovery." *Id.* at 1361.[3]

Theisen's counsel has submitted a declaration under the pertinent rule. The question in this case thus becomes one of whether the declaration and accompanying materials are sufficient to forestall summary judgment. For the reasons set out below, the Court holds that the showing proffered on Theisen's behalf does not satisfy the requirements of the rule and, accordingly, that the government's motion for summary judgment is granted.

## BACKGROUND

Theisen alleges that it owns and operates a cigarette vending machine business that relied on placement of machines in public places pursuant to agreements with location owners. Compl. ¶ 2. Theisen avers that its revenues were derived from the sale of cigarettes from the machines and from commissions paid by cigarette manufacturers for stocking particular brands in the machines. *Id.* It alleges that FDA effected a taking of its property in two ways. First, Theisen alleges that FDA's vending machine regulation, by which cigarette vending machines were prohibited from establishments to which children have access, resulted in the taking of plaintiff's placement contracts. *Id.* ¶¶ 18–20. Second, plaintiff avers that the federal government's action in granting money to states and local governmental units to enforce prohibitions on the sale of tobacco to minors created an agency relationship making the federal government responsible for the loss of plaintiff's contracts. *Id.* ¶ 17.[4] Theisen lists its principal place of business as Minneapolis, Minnesota, but does not specify the states and localities in which it operated its business.

Regarding the block-grant claim, the Federal Circuit affirmed a summary judgment for the government on the same issue in *B & G Enterprises v. United States*, 220 F.3d 1318 (Fed.Cir.2000), *cert. denied*, 531 U.S. 1144, 121 S.Ct. 1079, 148 L.Ed.2d 956 (2001). The court found no manifestation of an intent by either the federal government or the per-

---

2. The vending machine and other portions of FDA's regulations had been stayed by a federal district court, *Coyne Beahm, Inc. v. FDA*, 966 F.Supp. 1374, 1400–01 (M.D.N.C.1997), before the Supreme Court ruled in *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000), that the regulations were invalid because the FDA had no authority to regulate tobacco products.

3. This Court's rules were substantially revised effective May 1, 2002, to conform them as closely as possible to the Federal Rules of Civil Procedure. Prior to the revision, the rule concerning an affidavit justifying the need for discovery before responding to a motion for summary judgment was found at RCFC 56(g). The revision moved the provision to RCFC 56(f), to correspond to Fed.R.Civ.P. 56(f).

4. Grants to states to support enforcement were made by the Substance Abuse Mental Health Services Administration ("SAMHSA"), a sister entity to FDA within the Department of Health and Human Services. SAMHSA made the grants pursuant to provisions of the Substance Abuse Prevention and Treatment Block Grant Program, conditioned, among other things, upon states banning the sale of tobacco to persons under the age of 18. 42 U.S.C. § 300x–26(a), (c). *See Brown & Williamson*, 529 U.S. at 144, 155, 120 S.Ct. 1291 (discussing the Alcohol, Drug Abuse, and Mental Health Administration Reorganization Act, Pub.L. 102–321, § 202, 106 Stat. 394 (1992) (codified at 42 U.S.C. § 300x–26)).

tinent state to create an agency relationship. *Id.* at 1323. To the extent that state participation in the scheme resulted in an unconstitutional taking, "it [is] not the responsibility of the federal government." *Id.* at 1325. Respecting comparable vending-machine claims, as previously noted, the Federal Circuit in *Brubaker* affirmed summary dispositions in favor of the government because the FDA's tobacco rules including the vending machine regulation had never been enforced. *Brubaker,* 304 F.3d at 1359. Theisen's effort is thus directed toward avoiding the precedential thrust of these decisions, particularly *Brubaker.*

## DISCUSSION

Summary judgment is proper if the record shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. RCFC 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case," on which that party bears the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

RCFC 56(f)[5] enables a court to deny or stay a motion for summary judgment to permit additional discovery if the non-movant explains by affidavit why it cannot fulfill the requirements of RCFC 56(e), under which it must "set forth specific facts showing that there is a genuine issue for trial." As the Federal Circuit has stated, "when the discovery is reasonably directed to 'facts essential to justify the party's opposition,' in the words of Rule 56(f), such discovery must be permitted or summary judgment refused." *Opry-*

land USA, Inc. v. The Great Am. Music Show, Inc.,* 970 F.2d 847, 852 (Fed.Cir.1992) (citing *Anderson,* 477 U.S. at 250 n. 5, 106 S.Ct. 2505). Moreover, Rule 56(f) "motions are generally favored, and should be liberally granted." *Stearns Airport Equip. Co. v. FMC Corp.,* 170 F.3d 518, 534 (5th Cir.1999). This liberality notwithstanding, however, the "parties cannot evade summary judgment simply by arguing that additional discovery is needed; rather, they must meet the requirements of Rule 56(f)." *Brown v. Miss. Valley State Univ.,* 311 F.3d 328, 333 n. 5 (5th Cir.2002). *See also Price ex rel. Price v. W. Res., Inc.,* 232 F.3d 779, 783 (10th Cir.2000) ("Rule 56(f) does not operate automatically. Its protections must be invoked and can be applied only if a party satisfies certain requirements.").

Neither this Court nor the Federal Circuit appears to have settled on particular criteria for the sufficiency of an affidavit under RCFC 56(f). Other courts have applied a variety of tests for such affidavits submitted under the matching provisions of Fed. R.Civ.P. 56(f). *See* 11 James Wm. Moore et al., *Moore's Federal Practice* ¶ 56.10[8][c] (3d ed.2003). Several circuits require the affiant to demonstrate the following four requirements, which focus on identifying explicit matters to be pursued in discovery that could or would create a genuine dispute of material fact and preclude summary judgment:

> (1) the nature of the uncompleted discovery, such as what facts are reasonably expected to create a genuine issue of material fact; (2) the manner by which those facts are reasonably expected to create a genuine issue of material fact; (3) the efforts affiant has made to obtain those facts; and (4) the reasons these efforts were unsuccessful.

*Id.* (citing cases in the Second, Fourth, Sixth, and Tenth Circuits).[6]

---

5. RCFC 56(f) states in full:

   Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or dis-

covery to be had or may make such other order as is just.

6. The Third Circuit applies a similar three-part test: "(1) what particular information is sought; (2) how, if uncovered, it would preclude summary judgment; and (3) why it has not previously been obtained." Moore, *supra,* ¶ 56.10[8][c] (citing *City of Rome v. Glanton,* 958 F.Supp.

This explication of the requisite showing, however, is not necessarily complete. Other courts of appeals have applied an additional criterion. The First Circuit has required that a party opposing summary judgment by way of an affidavit under Fed.R.Civ.P. 56(f) also show a "plausible basis" for the discovery to be pursued. Thus, in the First Circuit the opposing party must: "(i) make an authoritative and timely proffer; (ii) show good cause for the failure to have discovered these essential facts sooner; (iii) present a plausible basis for the belief that there are discoverable facts sufficient to raise a genuine and material issue; and (iv) show that the facts are discoverable within a reasonable amount of time." *Vivid Tech., Inc. v. Am. Science & Eng'g, Inc.*, 200 F.3d 795, 809 (Fed.Cir.1999) (applying procedural law of the First Circuit, citing *Morrissey v. Boston Five Cents Savs. Bank*, 54 F.3d 27, 35 (1st Cir.1995)). Similarly, the Fifth Circuit has held that a party using a Rule 56(f) discovery affidavit to oppose summary judgment should "set forth a factual predicate" for the discovery sought. *Paul Kadair, Inc. v. Sony Corp. of Am.*, 694 F.2d 1017, 1029 (5th Cir.1983). The court in *Kadair* pointed to the Supreme Court's decision in *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968), as calling for an examination of "the degree of specificity already offered by the charging party" in deciding whether that party was engaging in an unpermitted "fishing expedition." 694 F.2d at 1030. In the Fifth Circuit's view, a denial of additional discovery and a grant of summary judgment are appropriate "[w]here a plaintiff fails to produce any specific facts whatsoever to support" its discovery affidavit. *Id. See also Pure Gold, Inc. v. Syntex (U.S.A.), Inc.*, 739 F.2d 624, 627 (Fed.Cir. 1984) ("Summary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence that might tend to support a complaint."); *Leonardo v. United States*, 55 Fed.Cl. 344, 350 (2003) (denying motion under Rule 56(f) due to lack of "a sufficient basis to pursue additional discovery," where plaintiff's alleged factual basis was merely "within the realm of possibility").

■ These precedents support a five-part set of prerequisites for relief under RCFC 56(f), *i.e.* the non-movant must by affidavit and supporting papers: (1) specify the particular factual discovery being sought, (2) explain how the results of the discovery are reasonably expected to engender a genuine issue of material fact, (3) provide an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a genuine and material issue, (4) recite the efforts previously made to obtain those facts, and (5) show good grounds for the failure to have discovered the essential facts sooner. These prerequisites should not impair the salutary, generous purposes of the Rule. *See Resolution Trust Corp. v. N. Bridge Assocs.*, 22 F.3d 1198, 1203 (1st Cir.1994) (When a party invoking Rule 56(f) satisfies the requirements of the Rule, "a strong presumption arises in favor of relief."). Rather, they should merely "provide[ ] the court with a method of checking on the bona fides of the party opposing summary judgment." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2741 (3d ed.1998).

■ Theisen's submission identifies seven factual items it seeks by way of discovery: (1) to whom were the Kessler letters sent and to whom [sic-when(?)] [7]; (2) is there correspondence between the recipients of the letters and the FDA; (3) did the FDA instruct persons engaged in sting operations and inform them which establishments had vending machines; (4) were the

---

1026, 1039 (E.D.Pa.), *aff'd without op.*, 133 F.3d 909 (3d Cir.1997)). The Fifth Circuit has explained the requisite showing as a succinct, two-part test: "1) why the movant needs additional discovery and 2) how the additional discovery will likely create a genuine issue of material fact." *Stearns*, 170 F.3d at 535 (citing *Krim v. BancTexas Group, Inc.*, 989 F.2d 1435, 1442 (5th Cir.1993)).

7. A copy of the "Kessler letters" was appended to the Complaint as an exhibit. At the pertinent time, Dr. Kessler was the Commissioner of the FDA. The copy is dated January 1997 and the salutation is to "Dear Retailer." The letter describes the federal minimum-age restrictions on sales of tobacco products and announces enforcement activities.

establishments with vending machines fined and when; (5) what did the contracts between the FDA and the states or local governments provide regarding enforcement; (6) how much were the states and local governments paid, when, and for what; and (7) what did the reports from the states to the FDA say. Plaintiff's Motion For Leave To Conduct Discovery Before Responding To Defendant's Motion For Summary Judgment at 2. Theisen avers that, for each of these items, "[t]he evidence of enforcement resides with the FDA." *Id.* at 1.

Theisen has satisfied some requirements of RCFC 56(f). It has, for example, identified specifically the discovery it seeks. And, it has implicitly addressed how the factual discovery sought regarding enforcement might engender a genuine dispute of material fact. However, it has failed in other respects. It has not demonstrated a factual predicate for the discovery, established that the relevant facts were possessed exclusively by FDA, or showed it made diligent efforts to gather the facts from others, including its customers.

Although evidence of enforcement by FDA of the tobacco regulations would "reside" with FDA, such evidence would not be exclusively within FDA's possession. Theisen's customers and those of other tobacco vending machine businesses would necessarily also have some such information. Yet, Theisen has come forward with no evidence from customers that FDA ever enforced the vending machine regulation that was stayed and eventually invalidated. These circumstances are akin to those in *Kadair,* in which the Fifth Circuit observed that much of the evidence sought indeed "lay within [the] control [of the movant for summary judgment]," but "some evidence in refutation of [movant's] averments and in support of [non-movant's] conspiracy claim was available to [non-movant] if its allegations of conspiracy were true." 694 F.2d at 1032.

To the same effect is a Federal Circuit case, *Springs Window Fashions LP v. Novo Industries, L.P.,* 323 F.3d 989, 997 (Fed.Cir.

2003), in which a competitor, Novo, brought counterclaims of tortious interference and disparagement against a patent holder, Springs, alleging that Springs made wrongful accusations of infringement against Novo to Novo's customers. The court rejected Novo's explanation that Springs possessed exclusive control over the alleged correspondence between Springs and Novo's customers:

> Novo now argues that the Springs Window Fashions deposition was important in part because it would have revealed the timing of the opinion of counsel letter relative to Spring's contacts with Novo's customers. But there were other sources for some of that information, including the customers themselves. Not all of the information noted by Novo was within the exclusive control of Springs, yet there is no evidence in the record that Novo sought to obtain or succeeded in obtaining such evidence from its customers.

*Id.* at 998–99.[8] *See also Paalan v. United States,* 57 Fed.Cl. 15, 18 (2003) (inadequate statement of reasons why discovery is required). Here too, Theisen simply refers to an absence of information and has failed to put forward any enforcement data from any source, including its customers.

■ Because Theisen has failed to provide a factual predicate for discovery and to explain why it has not obtained any information regarding enforcement, defendant is entitled to summary judgment on the vending-machine regulatory claim. In *Brubaker,* the Federal Circuit ruled that no taking could have occurred because the regulation never took effect and was never enforced. 304 F.3d at 1356–59. Theisen has endeavored to respond to the discovery-affidavit question reserved in *Brubaker,* but its effort is fatally deficient.

■ The block grant claim is equally unavailing. The Federal Circuit has rejected a comparable claim with respect to cigarette vending operations in the State of California. *See B & G Enters.,* 220 F.3d at 1323–25.

---

8. In *Springs,* the Federal Circuit was applying the procedural law of the Seventh Circuit. 323 F.3d at 997.

And, like the appellants in *Brubaker*, plaintiff "ha[s] not suggested that the federal government dealt with the other states differently that it did with California." *Brubaker*, 304 F.3d at 1360. Theisen does not specify in which states or localities its customers operate, nor does it allege that the federal government dealt with these states differently than it did with California.[9] Here, as in *Brubaker*, "[t]here is no reason to depart from this court's earlier holding [in *B & G Enterprises*]." *Id.*

### CONCLUSION

For the reasons stated, defendant's motion for summary judgment is GRANTED, and the Clerk of the Court is directed to enter judgment for the defendant in this case. No costs.

IT IS SO ORDERED.

9. The complaint simply states, "[i]n some circumstances, the defendant has used State and local authorities to effect its unconstitutional taking of the plaintiff's property." Compl. ¶ 17.