# In the United States Court of Federal Claims

No. 13-292T
Filed: December 17, 2013
**NOT TO BE PUBLISHED**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| | * |
| | * |
| NORMAN DOUGLAS DIAMOND, AND | * |
| ZAIDA GOLENA DEL ROSARIO, | * |
| | * |
| Plaintiffs, *pro se*, | * |
| | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |
| | * |
| | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL**

## I.    PROCEDURAL HISTORY

On April 25, 2013, Norman Douglas Diamond and Zaida Goleña Del Rosario ("Plaintiffs") filed a Complaint in the United States Court of Federal Claims seeking refunds for their 2006–2011 tax years (Compl. ¶ 1), as well as an abatement of a $5,000 filing penalty assessed for the 2008 tax year (Compl. ¶¶ 2, 157).

On August 23, 2013, the Government filed a Motion To Dismiss, pursuant to RCFC 12(b)(1) and 12(b)(6) ("Gov't Mot."). On September 3, 2013, Plaintiffs filed a Response. On September 20, 2013, the Government filed a Reply. On October 8, 2013, Plaintiffs filed a Sur-Reply. On October 11, 2013, the court issued an Order stating that the Government's August 23, 2013 Motion To Dismiss must be considered as one for summary judgment under RCFC 56,[1] since both parties relied on matters outside the pleadings.

---

[1] RCFC 56(d) provides that if the party opposing summary judgment:

[S]hows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

On October 23, 2013, Plaintiffs filed a Response to the court's October 11, 2013 Order, together with a Motion To Compel the Government to produce a variety of forms and communications that appear to concern a related case filed by Plaintiffs in the United States Tax Court, Docket No. 14482-10SL. On October 28, 2013, Plaintiffs filed a Supplement to the October 23, 2013 Response. On November 6, 2013, the Government filed a Notice Of Election Not To File Supplemental Reply. That same day, the Government filed an Opposition to Plaintiffs' October 23, 2013 Motion To Compel. On November 18, 2013, Plaintiffs filed a Reply.

On November 22, 2013, the court issued an Order that deferred ruling on Plaintiffs' October 23, 2013 Motion To Compel, to allow Plaintiffs to file a single submission to demonstrate why the discovery requested in the October 23, 2013 Motion To Compel was warranted under RCFC 56(d).

On December 2, 2013, Plaintiffs filed a Sur-Reply ("Pl. Resp."). On December 5, 2013, the Government filed a Reply ("Gov't Reply").

## II.    DISCUSSION

### A.    Standard Of Review.

The party seeking discovery pursuant to RCFC 56(d)[2] "must set forth 'with some precision,' the evidence it hopes to obtain, how this evidence would likely disclose issues of material fact, and why it is unable to access such evidence without further discovery." *Padilla v. United States*, 58 Fed. Cl. 585, 593 (2003) (quoting *Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1144 (Fed. Cir. 1996)); *see also C.W. Over & Sons, Inc. v. United States*, 44 Fed. Cl. 18, 23 (1999) ("To obtain discovery, the party must state, by affidavit, explicit reasons why discovery is required in opposition to the motion for summary judgment."). The movant also must demonstrate how the requested discovery "will allow the party to oppose summary judgment," *Chevron U.S.A. Inc. v. United States*, 72 Fed. Cl. 817, 819 (2006), and "rebut the movant's showing of the absence of a genuine issue of [material] fact." *Simmons Oil Corp.*, 86 F.3d at 1144 (quoting *Willmar Poultry Co. v. Morton-Norwich Prods., Inc.*, 520 F.2d 289, 297 (8th Cir. 1975), *cert. denied*, 424 U.S. 915, (1976)).

---

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

RCFC 56(d).

[2] The provisions of RCFC 56(d) previously were located in RCFC 56(f). Effective July 15, 2011, however, the Rules of the United States Court of Federal Claims were modified, resulting in the current RCFC 56(d). Although cases decided prior to July 15, 2011 reference RCFC 56(f), instead of 56(d), it is a distinction without difference, since these rules are identical.

Although "[m]otions for additional discovery under [RCFC 56(d)] are generally favored and are liberally granted," *Chevron U.S.A. Inc.*, 72 Fed. Cl. at 819, discovery need not be allowed "merely to satisfy a litigant's speculative hope of finding some evidence that might tend to support a complaint." *Pure Gold, Inc. v. Syntex (U.S.A.), Inc.*, 739 F.2d 624, 627 (Fed. Cir. 1984). Because the party invoking RCFC 56(d) must show how "it cannot present facts essential to justify its opposition," the court is required to evaluate whether the discovery requested is germane to the issues presented. *See Chevron U.S.A. Inc.*, 72 Fed. Cl. at 819 ("The sole grounds for Defendant's motion for summary judgment are waiver and estoppel. Accordingly, plaintiffs' request for additional discovery should be focused on the issues of wavier and estoppel.").

In *Theisen Vending Co., Inc. v. United States*, 58 Fed. Cl. 194 (2003), the United States Court of Federal Claims identified five requirements that must be satisfied before a court should allow discovery, pursuant to RCFC 56(d):

> [T]he non-movant must by affidavit and supporting papers: (1) specify the particular factual discovery being sought, (2) explain how the results of the discovery are reasonably expected to engender a genuine issue of material fact, (3) provide an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a genuine and material issue, (4) recite the efforts previously made to obtain those facts, and (5) show good grounds for the failure to have discovered the essential facts sooner.

*Id*. at 198; *see also Clear Creek Cmty. Servs. Dist. v. United States*, 100 Fed. Cl. 78, 83 (2011) (applying the *Theisen Vending* test); *Chevron U.S.A. Inc.*, 72 Fed. Cl. at 819 (same); *Jade Trading, LLC v. United States*, 60 Fed. Cl. 558, 565 (2004) (same).

## B.      Whether Discovery Is Warranted In This Case.

Given Plaintiffs' *pro se* status, the court treats Plaintiffs' October 23, 2013 Motion To Compel and December 2, 2013 Sur-Reply, collectively, as a motion for additional discovery, pursuant to RCFC 56(d). The October 23, 2013 Motion To Compel requests that the Government produce: (1) Forms 13128, for years 2002 and 2005–2008; (2) Form 14027-B, for the Plaintiffs "to photocopy, complete, and mail to [the Government's] employee, Miss Fowers;" and (3) the Government's "position," on or before November 2, 2008, as to the meaning of language contained in a letter, dated November 2, 2008, from Mr. Ernest E. Smart.

Plaintiffs argue that the aforementioned discovery is warranted under RCFC 56(d) for several reasons. First, Forms 13128 will establish that the Government was "timely aware of [P]laintiffs' claims for refunds of withholding," contrary to the position taken by the Government in a related tax case filed by Plaintiffs in the United States Court of Federal Claims.[3] Pl. Resp. ¶ 2. Second, the requested documents will shed light on the Government's rationale for assessing

---

[3] In that case, Plaintiffs sought monetary relief in the form of a refund of income taxes for 2005 that allegedly were wrongfully withheld. *See Diamond v. United States*, 107 Fed. Cl. 702 (2012).

frivolous filing fees against Plaintiffs "for some tax years." Pl. Resp. ¶¶ 3–4, 14–16.[4] Third, the discovery will elucidate how the Government processed Plaintiffs' respective applications for new social security numbers, and why the Government's litigating position on the relevance of Plaintiffs' social security number applications has differed in various lawsuits brought by Plaintiffs before the United States Tax Court and United States Court of Federal Claims. Pl. Resp. ¶¶ 5–10, 15.

In response, the Government states that the Motion To Dismiss raises two arguments. First, that the court does not have subject matter jurisdiction to adjudicate Plaintiffs' claim for a refund of the $5,000 filing fee for the 2008 tax year, because Plaintiffs have not paid that liability in full. Gov't Mot. 1. Second, Plaintiffs' claims for refund for their 2006–2011 tax years do not state claims upon which relief can be granted, because Plaintiffs have been credited with the tax refunds they seek for 2006–2011. Gov't Mot. 2. Since Plaintiffs have requested documents that "have no bearing on the determination of these issues," and instead concern unrelated issues about their communications with the Internal Revenue Service and the timeliness of claims for refund, discovery is not warranted. Gov't Reply 2. Even if the discovery requested relates to the 2008 penalty at issue, Plaintiffs' arguments go to the merits, not the jurisdictional issue presented in the Motion To Dismiss. Gov't Reply 3 n.1.

In *Simmons*, the United States Court of Appeals for the Federal Circuit held that the party invoking RCFC 56(d) must state, "with some precision," the materials they want to discover, exactly how those materials will aid in opposing summary judgment, and why the discovery will help "rebut the movant's showing of the absence of a genuine issue of [material] fact." *Simmons*, 86 F.3d at 1144.[5]

The August 23, 2013 Motion To Dismiss presents two specific and limited arguments. Plaintiffs' requested discovery, however, concerns issues unrelated to the Government's Motion, *i.e.*, the timeliness of Plaintiffs' claims for refunds of withholding, the Government's rationale for assessing that fee, and the Government's processing of Plaintiffs' applications for new social security numbers. Although Plaintiffs have stated with precision what materials they hope to discover, they have not shown that these documents even are marginally relevant to the issues presented in the Government's August 23, 2013 Motion To Dismiss. Information that is not relevant cannot help Plaintiffs "oppos[e] summary judgment." *Simmons*, 86 F.3d at 1144 (explaining that discovery was not warranted because the "motion for summary judgment was

---

[4] It is unclear whether the filing fees referenced by Plaintiffs include a fee assessed for tax year 2008, a fee in this case, or for another year.

[5] The court is mindful that the pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of this court to examine the record "to see if [a *pro se*] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, although the court may excuse ambiguities in a *pro se* plaintiff's pleadings, it "does not excuse its failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

4

based entirely on [a] statute of limitations defense," whereas the plaintiff's argument for discovery was "focused on the merits of [plaintiff's] claim").

Nor have Plaintiffs demonstrated that the requested discovery is "is likely to engender a genuine issue of *material* fact," *Chevron U.S.A. Inc.*, 72 Fed. Cl. at 819 (emphasis added), because the requested materials concern tangential factual matters that are not "material" to resolution of the Government's Motion To Dismiss. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (defining "material facts" "as facts that might affect the outcome of the suit under the governing law"). Plaintiffs' contention that the requested discovery "appears highly relevant to all of [the Plaintiffs'] cases in all courts" (Pl. Resp. ¶ 14) is a "vague assertion," *Simmons Oil Corp.*, 86 F.3d at 1144, motivated by the "speculative hope of finding some evidence that might tend to support a complaint." *See Pure Gold, Inc.*, 739 F.2d at 627. As a matter of law, such contentions do not warrant discovery under RCFC 56(d). *Id.* The discovery requested is simply not germane to the factual or legal issues presented in the Government's August 23, 2013 Motion To Dismiss, and thus not "essential to justify [Plaintiffs'] opposition." RCFC 56(d); *see also C.W. Over & Sons, Inc.*, 44 Fed. Cl. at 23 (explaining that the moving party must identify "explicit reasons" why the discovery is "required [to oppose] the motion for summary judgment").

Similarly, Plaintiffs have not satisfied requirements of *Theisen Vending*. The requested discovery is not "reasonably expected to engender a genuine issue of material fact," and Plaintiffs have not demonstrated "an adequate factual predicate for the belief that there are discoverable facts sufficient to raise a genuine and material issue." *Theisen Vending Co.*, 58 Fed. Cl. at 198. That is because Plaintiffs seek discovery of facts that are irrelevant and not "material" to disposition of the Government's Motion To Dismiss. *See U. S. v. Sumitomo Shoji, New York, Inc.*, 534 F.2d 320, 324 (C.C.P.A. 1976) (stating that the court could "not see what possible relevance" the factual issue had to "resolution of the legal issue here [and thus] the fact issue is not a 'material' one" for purposes of summary judgment). Nor does the requested discovery in this case concern "essential facts." *See Theisen Vending Co.*, 58 Fed. Cl. at 198 (requiring the movant to "show good grounds for the failure to have discovered the *essential facts* sooner" (emphasis added)). Moreover, Plaintiffs have not demonstrated "how they expect the materials will allow them to rebut Defendant's motion for summary judgment," and, more importantly, it is "not clear to the [c]ourt . . . how these requests for additional discovery [even] pertain to [the Government's] motion for summary judgment." *See Chevron U.S.A. Inc.*, 72 Fed. Cl. at 819 (explaining that in those circumstances, plaintiffs did not satisfy either the *Simmons* or *Theisen* standards).

## III. CONCLUSION.

For these reasons, Plaintiffs' October 23, 2013 Motion To Compel is denied.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Judge**

5